OPINION
{¶ 1} Amanda Lairmore was charged with driving under the influence of alcohol, driving under a license suspension, driving with an unilluminated license plate, and a seatbelt violation. After the trial court overruled her motion to suppress evidence, Lairmore entered a plea of no contest to the charge of driving under the influence in return for dismissal of the other three charges. The trial court made a finding of guilty and imposed a sentence of 365 days, 305 days of which were suspended, a fine of $750.00, and costs. On appeal, Lairmore assigns error as follows:
 {¶ 2} "1. The evidence should have been ordered suppressed because the officer failed to articulate a reasonable suspicion for stopping the vehicle; appellant's fourth amendment rights were thus violated."
 {¶ 3} After the notice of appeal was filed on March 10, 2004, the official court reporter of the Municipal Court of Clark County filed a statement in this court on May 7, 2004, wherein she represented that the recording device had not properly recorded the proceedings of the suppression hearing. Accordingly, a transcript of the suppression hearing was not prepared and filed with this court. Lairmore has not filed either a statement of the evidence when the transcript is unavailable, pursuant to App.R. 9(C), or an agreed statement as to the record on appeal, in accordance with App.R. (D).
 {¶ 4} She has presented in her appellate brief a "statement of the facts" that she claims is an accurate resume of the testimony of Deputy Reynolds, who testified at the suppression hearing. In its brief, the State claims that Lairmore has "provide(d) facts not in evidence. . . ." At oral argument, counsel for Larrimore presented us with a file stamped copy of a "statement of facts," filed August 25, 2004, in the municipal court. The statement is identical to the statement of the facts in her brief. Although a copy of the statement was served upon the prosecutor, no effort was made by Larrimore to seek the prosecutor's — and more important — the trial court's approval of the statement. See App.R.(C)(D).
 {¶ 5} Lairmore has failed to provide this court with a proper record upon which to consider affording her appellate relief. Accordingly, we must reject her contention that the arresting officer failed to articulate a reasonable suspicion justifying the stopping of her vehicle. Under the circumstances, we will apply the presumption of regularity of the proceedings in the trial court, to-wit, that there was a sufficient evidentiary basis upon which the trial court could properly overrule the motion to suppress.
 {¶ 6} The assignment of error is overruled.
 {¶ 7} The judgment will be affirmed.
Brogan, P.J. and Fain, J., concur.